

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANTHONY MITCHUM, RUBEN SANCHEZ-RIOS; and WILLIAM D. BROWN<br>**Plaintiffs** | CIVIL ACTION FILE<br>NO. 2010CV04457-6 |
| vs. | |
| UNITED RECYCLING, INC; UNITED RECYCLING TRANSPORTATION, LLC; and ARIEL RUIZ<br>**Defendants** | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: United Recycling, Transportation, LLC, c/o Registered Agent Albert J. Bolet, III, 2021 N. Druid Hills Road, N.E., Suite 200, Atlanta, Georgia 30329

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mitchell D. Benjamin, Esq.
John R. Ulmer, Esq.
One Tower Creek
3101 Tower Creek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751 (O)
(770) 859-0732 (F)

an answer to the Complaint which is herewith served upon you, within 30 days after the service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2010.

Linda T. Miller
Clerk of Superior Court
By _____
Deputy Clerk

COPY

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

FILED
10 SEP 30 AM 10: 23

LINDA T. MILLER
CLERK SUPERIOR COURT

| | |
|---|---|
| ANTHONY MITCHUM, RUBEN SANCHEZ-RIOS and WILLIAM D. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED RECYCLING, INC., UNITED RECYCLING TRANSPORTATION, LLC and ARIEL RUIZ, <br><br> Defendants. | CIVIL ACTION FILE NO: 2010CV04457-6 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and assert their claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (hereinafter FLSA) for wages, overtime compensation and other relief, on the grounds set forth below:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 29 U.S.C. § 216(b) and all Defendants are subject to the jurisdiction of this Court.

2.

Venue is appropriate in this Court as Defendant United Recycling, Inc. is a Georgia Corporation licensed to do business in the State of Georgia and has its registered office and its principal office in this Clayton County, located at 7468 Jonesboro Road, Unit 301, Jonesboro, Georgia 30236.

3.

Venue is also appropriate in this Court as Defendant United Recycling Transportation, LLC is a Georgia Corporation licensed to do business in the State of Georgia and has its principal office in Clayton County, located at 7468 Jonesboro Road, Unit 301, Jonesboro, Georgia 30236.

4.

Venue is also appropriate in this Court as Defendant Ariel Ruiz ("Ruiz") resides in Clayton County, at 6026 Ledgewood Dr. Forest Park, Georgia 30297.

## PARTIES

5.

Plaintiff Anthony Mitchum ("Mitchum") is a citizen and resident of the State of Georgia and is a former employee of Defendants, having been employed by Defendants from July 2, 2008 until July 9, 2009.

6.

Plaintiff Ruben Sanchez-Rios ("Sanchez-Rios") is a citizen and resident of the State of Georgia and is a former employee of Defendants, having been employed by Defendants from approximately September 2008 until July 9, 2009.

7.

Plaintiff William D. Brown ("Brown") is a citizen and resident of the State of Georgia and is a former employee of Defendants, having been employed by Defendants from approximately November 2007 until June 2008.

8.

Plaintiffs bring this action on behalf of themselves only. Each Plaintiff's Consent to Become a Party Plaintiff in FLSA Action is incorporated herein and collectively are annexed as Exhibit "A.".

9.

Defendant United Recycling, Inc. ("United Recycling") is a Georgia Corporation licensed to do business in the State of Georgia. United Recycling was an employer of Plaintiffs within the meaning of the FLSA. United Recycling may be served with process via service on its registered agent for service, Luis Castaneda, 7468 Jonesboro Road, Unit 301, Jonesboro, Clayton County, Georgia 30236.

10.

Defendant United Recycling Transportation, LLC ("United Recycling Transportation") is a Georgia Corporation licensed to do business in the State of Georgia. United Recycling Transportation was an employer of Plaintiffs (except Brown) within the meaning of the FLSA. United Recycling Transportation may be served with process via service on its registered agent for service, Albert J. Bolet, III, 2021 N. Druid Hills Road, N.E., Suite 200, Atlanta, Georgia 30329.

11.

Defendant Ariel Ruiz ("Ruiz") was an employer of Plaintiffs within the meaning of the FLSA as he was acting in the interest of Defendants United Recycling and United Recycling Transportation in his interactions with Plaintiffs and Ruiz controlled, directly or indirectly, the terms and conditions of employment of Plaintiffs on a day to day basis. Ruiz may be served with process at his residence at 6026 Ledgewood Dr. Forest Park, Clayton County, Georgia 30297.

**FACTUAL ALLEGATIONS**

12.

This action is brought by three former employees of Defendants for violation of the FLSA, based upon Defendants' failure to properly compensate Plaintiffs for time worked, including overtime worked and earned.

13.

Plaintiffs were employees engaged in commerce and were employed by an enterprise engaged in commerce, that is, the buying, selling and transportation of scrap metals to be recycled and used for products sold in commerce.

14.

Defendants United Recycling and United Recycling Transportation are one "enterprise" as that term in defined under the FLSA, as they engage in related activities performed (either through unified operation or common control) for a common business purpose.

15.

At one time, United Recycling both transported, purchased and sold scrap metals to be recycled and used for products sold in commerce. However, in or about September, 2008, the owners of United Recycling created United Recycling Transportation to operate the transportation portion of the business.

16.

Upon information and belief, United Recycling Transportation is the sole transporter of the scrap metals purchased and sold by United Recycling.

17.

Upon information and belief, United Recycling Transportation does not transport scrap metals for any entity or customer other than United Recycling.

18.

Upon information and belief, Defendants United Recycling and United Recycling Transportation had combined gross revenue exceeding $500,000 for the year 2007.

19.

Upon information and belief, Defendants United Recycling and United Recycling Transportation had combined gross revenue exceeding $500,000 for the year 2008.

20.

Upon information and belief, Defendants United Recycling and United Recycling Transportation had combined gross revenue exceeding $500,000 for the year 2009.

21.

Plaintiffs Mitchum and Sanchez-Rios worked for Defendants as hourly paid employees performing manual work as truck drivers transporting scrap metal from pick-up locations to the points of sale for Defendants.

22.

Plaintiff Brown worked for Defendant United Recycling as a salaried non-exempt employee performing manual work in United Recycling's scrap metal yard where scrap metal was received and prepared for transportation to the points of

sale for Defendants.

23.

At the time Plaintiff Brown worked for United Recycling, United Recycling both transported, purchased and sold scrap metals to be recycled and used for products sold in commerce.

24.

All Plaintiffs were non-exempt employees. Plaintiffs are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

25:

Defendants have failed to meet the requirements for any of the exemptions from application of the wage or overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 for any Plaintiff.

26.

Plaintiffs were non-exempt employees whose work period consisted of a seven day calendar week.

27.

Plaintiffs were required to be compensated at a rate of one and one half times their effectively hourly rate for each hour worked in excess of forty hours in any given pay period.

28.

Plaintiffs frequently worked in excess of forty (40) hours per week.

29.

Defendants paid Plaintiffs their regular hourly rate (straight time) for hours worked in excess of forty hours for each work period.

30.

Defendants are liable for compensation for any and all time Plaintiffs worked in excess of forty (40) hours per week at the rate of at least one and one-half times their regular rate.

31.

Defendants knew or should have known that the FLSA applied to Plaintiffs.

32.

Defendants have willfully and continually refused to adequately compensate Plaintiffs for all hours worked in excess of forty per pay period, at the rate required by law.

33.

Defendants' conduct constitutes willful violations of § 207 and § 215 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages, as well as attorneys' fees and costs of litigation pursuant to FLSA § 216.

## CLAIM FOR RELIEF

## VIOLATION OF 29 U.S.C. § 207 AND § 215
(Overtime Violations)

34.

Paragraphs 1 through 33 are incorporated herein by this reference.

35.

Defendants' failure to compensate Plaintiffs for time actually worked in excess of forty (40) hours per week on the basis of one and one-half times their regular rate of pay is a violation of the FLSA § 207 and § 215. Defendants' violation of the FLSA is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiffs' unpaid overtime compensation for a period of three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and costs of litigation, pursuant to the FLSA § 216.

WHEREFORE, the Plaintiffs request this Court:

(a)  Take jurisdiction of this matter;

(b)  Grant a trial by jury as to all matters properly triable to a jury;

(c)  Issue a judgment declaring that Plaintiffs are covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(d) Award the Plaintiffs payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling one hundred percent (100%) of overtime due each Plaintiff, as required by the FLSA;

(e) Award the Plaintiffs prejudgment interest on all amounts owed;

(f) Award the Plaintiffs their attorneys' fees and costs; and

(g) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 29th day of September, 2010.

BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway
Atlanta, GA 30339
(770) 859-0751   Telephone
(770) 859-0752   Facsimile

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No: 049888
John R. Ulmer
Georgia Bar No: 721650

Attorneys for Plaintiffs

FILED
10 SEP 30 AM 10: 24
LINDA T. MILLER
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY MITCHUM;<br>RUBEN SANCHEZ-RIOS;<br>WILLIAM D. BROWN<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED RECYCLING, INC.; UNITED<br>RECYCLING TRANSPORTATION, LLC;<br>and ARIEL RUIZ<br><br>Defendants. | CIVIL ACTION FILE<br>NO:<br><br>JURY TRIAL<br>DEMANDED |

## CONSENT TO BE A PLAINTIFF IN THIS ACTION BROUGHT UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Anthony Mitchum, a former employee of United Recycling, Inc. and United Recycling Transportation, LLC, consent to be a Plaintiff in the above-referenced action for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws.

This 5 day of July, 2010.

_____
Anthony Mitchum
186 Roxbury Drive
Riverdale, GA 30274

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY MITCHUM;<br>RUBEN SANCHEZ-RIOS;<br>WILLIAM D. BROWN<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED RECYCLING, INC.; UNITED RECYCLING TRANSPORTATION, LLC; and ARIEL RUIZ<br><br>　　　　　Defendants. | CIVIL ACTION FILE NO:<br><br>JURY TRIAL DEMANDED |

## CONSENT TO BE A PLAINTIFF IN THIS ACTION BROUGHT UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Ruben Sanchez-Rios, a former employee of United Recycling, Inc. and United Recycling Transportation, LLC, consent to be a Plaintiff in the above-referenced action for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws.

This _____ day of _____, 2010.

_____
Ruben Sanchez-Rios
7816 Collingswood Court
Jonesboro, GA 30236

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANTHONY MITCHUM;<br>RUBEN SANCHEZ-RIOS;<br>WILLIAM D. BROWN | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE<br>NO: |
| vs. | ) ) ) | |
| UNITED RECYCLING, INC.; UNITED<br>RECYCLING TRANSPORTATION, LLC;<br>and ARIEL RUIZ | ) ) ) ) ) | JURY TRIAL<br>DEMANDED |
| Defendants. | ) ) | |

## CONSENT TO BE A PLAINTIFF IN THIS ACTION BROUGHT UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, William D. Brown, a former employee of United Recycling, Inc., consent to be a Plaintiff in the above-referenced action for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws.

This 12 day of July, 2010.

*[signature]*

William D. Brown
396 Independence Drive
Jonesboro, GA 30228